IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

      Plaintiff,                        No. CIV S-05-0337 FCD GGH P

    vs.

J. WOODFORD, et al.,

      Defendants.              ORDER

_____/

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is plaintiff's December 20, 2005, motion for sanctions against defense counsel for failing to file a responsive pleading. For the following reasons, this motion is denied.

        Plaintiff paid the filing fee. Accordingly, on September 2, 2005, the court ordered plaintiff to serve defendants with process within sixty days. On October 19, 2005, plaintiff filed a motion requesting that the U.S. Marshal effect service. On November 22, 2005, the court issued an order stating that the U.S. Marshal is only authorized to effect service in actions when the plaintiff is proceeding in forma pauperis. The court granted plaintiff thirty days to submit an in forma pauperis application.

/////

1

1       Plaintiff did not submit an in forma pauperis application.  However, he apparently did attempt to effect service of defendants on his own because on December 15, 2005, defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and (b)(6).

        In the motion for sanctions, plaintiff argues that had defendants been served with process by the U.S. Marshal, then they would have been required to file an answer rather than a motion to dismiss.  Plaintiff suggests that defendants committed misconduct by not waiting for service by the U.S. Marshal so that they could file a motion to dismiss rather than an answer.

        Plaintiff is informed that a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and (b)(6) is a proper responsive pleading.  Defendants could have filed this motion had they been served with process by the U.S. Marshal.  Plaintiff also suggests that defendants' motion is untimely.  Because plaintiff himself served defendants with process, it is his burden to demonstrate that defendants did not timely respond.  Plaintiff has not met his burden.  Plaintiff has not, for example, demonstrated when and how he served defendants with process.

        For the reasons discussed above, plaintiff's motion for sanctions is denied.  On December 21, 2005, plaintiff filed a letter with the court requesting that he be sent USM-285 forms so that he may serve defendants.  Because defendants have appeared in this action by filing the motion to dismiss, no further service is required.

        Accordingly, IT IS HEREBY ORDERED that:

        1. Plaintiff's December 20, 2005, motion for sanctions is denied;

        2. Plaintiff's December 21, 2005, request for USM-285 forms is denied;

        3. Plaintiff is granted thirty days from the date of this order to file an opposition to defendants' motion to dismiss; failure to file an opposition within that time will be deemed a waiver of opposition.

DATED:   1/9/06

/s/ Gregory G. Hollows

gil337.ord

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE