IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RICHARD M. GILMAN,

        Plaintiff,                    No. CIV S-05-0337 FCD GGH P

    vs.

J. WOODFORD, et al.,

        Defendants.        FINDINGS & RECOMMENDATIONS

                                /

        Plaintiff is a state prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' December 15, 2005, motion to dismiss pursuant to Fed. R. Civ. P. 12(b) and 12(b)(6). After carefully considering the record, the court recommends that defendants' motion be granted.

<u>Background</u>

        This action is proceeding on the amended complaint filed June 2, 2005. Named as defendants are Director of the Department of Corrections and Rehabilitation Woodford, Warden Schwartz, Association Warden O'Ran, Correctional Lieutenant Turner, Correctional Captain Moreno, Sergeant Herrera and Dr. Liu.

        Plaintiff alleges that while he was housed at the California Medical Facility (CMF) in Unit-1, water began leaking from the ceiling. Garbage pails had to be placed under the

1

leak to gather the water.  On February 13, 2004, plaintiff slipped and fell in a puddle of water.  Plaintiff suffered injuries to his back as a result of the fall.

Plaintiff alleges that defendants Woodford, Schwartz, O'Ran, Turner and Moreno are liable because it was their duty to maintain the aging building.  Plaintiff contends that defendants authorized a policy of not monitoring the aging building.  Plaintiff alleges that defendant Liu provided him with inadequate medical care following his fall.

Failure to Exhaust Administrative Remedies

42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections.  Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. 15, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement.  Id. at 1237-38.

In Booth v. Churner, 121 S. Ct. 1819 (2001) the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures.  121 S. Ct. at 1825.  Therefore, inmates seeking money damages must completely exhaust their administrative remedies.  42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted.  McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002).

On January 18, 2004, plaintiff filed a 602 stating that he fell after slipping in a puddle.  See exhibits attached to amended complaint.  Plaintiff requested the following relief: 1) repair of the leak; 2) better medical care; 3) advise staff not to use foul language; 4) money

1 damages. Id. On March 12, 2004, defendant Moreno granted the appeal, stating that the leak
2 was repaired. Id. On March 26, 2004, plaintiff submitted a second level appeal stating that he
3 was attempting to exhaust his administrative remedies. Id. Plaintiff indicated that he was not
4 seeking the first three requests for relief contained in his 602, but sought only money damages.
5 Id. On April 27, 2004, this appeal was denied. Id.

6        Plaintiff filed an appeal at the Director's Level. Id. On August 2, 2004, plaintiff's
7 Director Level Appeal was denied. Id. The Director's Level decision described plaintiff's
8 argument as follows:

> It is the appellant's position that he fell in a puddle of water and hurt his back while entering Dorm "1" at the California Medical Facility (CMF). He claims that the puddle of water was the result of a leaky pipe that staff knew was defective. He received medical attention and was prescribed Motrin as a result of the accident. The appellant has requested monetary compensation for his pain and suffering.

13 Id.

14        In denying plaintiff's appeal, the Director's Level Decision stated:

> The documentation and arguments presented are persuasive that the appellant failed to provide evidence that staff negligence was involved in the accident that occurred in the dormitory. The appellant received medical care and withdrew three of the five concerns he had with the situation. His final concern, request for compensatory and punitive damages, is denied at the Director's Level of Review. His general complaint is dismissed without merit.

19 Id.

20        Defendants appear to argue that plaintiff did not exhaust his administrative
21 remedies regarding the leak because his appeal described above did not mention any of the
22 defendants by name. Identification of each defendant by name is not necessary for exhaustion to
23 occur. Butler v. Adams, 397 F.3d 1181, 1182 (9th Cir. 2005). Nor is plaintiff required to
24 articulate his legal theories. See Strong v. Davis, 297 F.3d 646, 650 (9th Cir. 2002). The
25 touchstone is whether plaintiff has, using the administrative appeals process provide provided by
26 the Department of Corrections, placed prison officials on notice as to the facts at issue in his

claim against the defendants.  See Porter v. Nussle, 534 U.S. 516, 531, 122 S.Ct. 983 (2002)(emphasizing importance of providing prison officials with notice and opportunity to take action before prisoner files suit).

Plaintiff's administrative appeal put prison officials on notice as to the facts at issue in this action: he slipped in a puddle of water caused by a leak in the roof and injured his back.  Plaintiff was not required to identify each defendant nor describe his legal theories.  For these reasons, the court finds that plaintiff has exhausted his administrative remedies regarding this claim.

Defendants state, and plaintiff concedes in his opposition, that he did not pursue to the Director's Level of review, his claim for inadequate medical care against defendant Liu.  Because this claim is not exhausted, the court recommends that it be dismissed.

Failure to State a Claim

*Legal Standard*

A complaint should not be dismissed under Rule 12(b)(6) unless it appears beyond doubt that plaintiff cannot prove any set of facts consistent with his allegations which would entitle him to relief.  NOW, Inc. v. Schiedler, 510 U.S. 249, 256, 114 S. Ct. 798, 803 (1994); Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 2232 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101 (1957), Cervantes v. City of San Diego, 5 F.3d 1273, 1274-75 (9th Cir. 1993).  Dismissal of the complaint, or any claim within it, "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990); see also Robertson v. Dean Witter Reynolds, Inc., 749 F.2d 530, 534 (9th Cir. 1984).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421,

1  89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969).  The court will "'presume
2  that general allegations embrace those specific facts that are necessary to support the claim.'"
3  NOW, 510 U.S. at 256, 114 S. Ct. at 803, quoting Lujan v. Defenders of Wildlife, 504 U.S. 555,
4  561, 112 S. Ct. 2130, 2137 (1992).  Moreover, pro se pleadings are held to a less stringent
5  standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596
6  (1972).

7        The court may consider facts established by exhibits attached to the complaint.
8  Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).  The court may also
9  consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d
10 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other
11 papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir.
12 1986).  The court need not accept legal conclusions "cast in the form of factual allegations."
13 Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

14       A pro se litigant is entitled to notice of the deficiencies in the complaint and an
15 opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See
16 Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987).

17       *Analysis*

18       Defendants argue that they are entitled to qualified immunity.  The determination
19 of whether a prison official is entitled to qualified immunity is a two-step test.  Saucier v. Katz,
20 533 U.S. 194, 201, 121 S. Ct. 2151 (2001).  In the first step, the court views the record in the
21 light most favorable to the party asserting injury to determine whether the officer's conduct
22 violated a constitutional right.  Id.  If the plaintiff establishes the violation of a constitutional
23 right, the court next considers whether that right was clearly established at the time the alleged
24 violation occurred.  Id.  The contours of the right must have been clear enough that a reasonable
25 officer would have understood that what he was doing violated that right.  See Anderson v.
26 Creighton, 483 U.S. 635, 640, 107 S. Ct. 3034 (1987).

Prisoners alleging Eighth Amendment violations based on unsafe conditions must demonstrate that prison officials were deliberately indifferent to their health or safety by subjecting them to a substantial risk of serious harm. Farmer v. Brennan, 511 U.S. 825, 833, 114 S. Ct. 1970, 1977 (1994). Prison officials display a deliberate indifference to an inmate's well-being when they consciously disregard an excessive risk of harm to that inmate's health or safety. Farmer, 511 U.S. at 837-838, 114 S. Ct. at 1979-80.

In Osolinski v. Kane, 92 F.3d 934 (9th Cir. 1996) a prisoner brought a § 1983 action claiming that the failure of prison officials to repair an oven, the door of which fell off and burned his arm, violated the Eighth Amendment. In its qualified immunity analysis, the Ninth Circuit did not reach the issue of whether the facts alleged showed that the prison officials acted with deliberate indifference. 92 F.3d at 937. Instead, the court determined whether, in light of clearly established principles at the time of the incident, the officials could have believed their conduct was lawful. Id.

In Osolinski, the Ninth Circuit found that it was not clearly established that a single defective device, without any other conditions contributing to the threat of an inmates' safety, created an objectively insufficiently inhumane condition to be violative of the Eighth Amendment. 92 F.3d at 938. In reaching this finding, the Ninth Circuit cited several cases which held that minor safety hazards did not violate the Eighth Amendment: Tunstall v. Rowe, 478 F. Supp. 87 (N.D.Ill. 1979) (the existence of a greasy staircase which caused a prisoner to slip and fall did not violate the Eighth Amendment); Snyder v. Blankenship, 473 F. Supp. 1208, 1212 (W.D.Va. 1979) (failure to repair leaking dishwasher which resulted in a pool of soapy water in which prisoner slipped did not violate Eighth Amendment); Robinson v. Cuyler, 511 F. Supp. 161, 163 (E.D.Pa. 1981) ("[a] slippery kitchen floor does not inflict 'cruel and unusual punishments'"). Based on the relevant law, the Ninth Circuit concluded that a reasonable prison official could have believed that the failure to repair an oven as alleged did not violate the Eighth Amendment.

1       Pursuant to Osolinski, the court finds that defendants are entitled to qualified
2 immunity. A slippery floor caused by a leaky roof is a condition similar to a slippery kitchen
3 floor caused by a leaky dishwasher or a greasy staircase. A reasonable prison official could have
4 believed that the failure to repair the leaky roof did not violate the Eighth Amendment.
5 Accordingly, defendants' motion to dismiss plaintiff's Eighth Amendment claim should be
6 granted on this ground.[1]

7       The amended complaint also includes several state law claims. Because the court
8 recommends dismissal of plaintiff's constitutional claims, the state law claims should be
9 dismissed as well. 28 U.S.C. § 1367(c).

10       Accordingly, IT IS HEREBY RECOMMENDED that:

11       1. Defendants' December 15, 2005, motion to dismiss be granted with respect to
12 defendant Liu on grounds that plaintiff failed to exhaust his administrative remedies with respect
13 to this defendants;

14       2. Defendants' December 15, 2005, motion to dismiss be granted with respect to
15 the remaining defendants based on plaintiff's failure to state a colorable claim;

16       3. Plaintiff's state law claims be dismissed.

17       These findings and recommendations are submitted to the United States District
18 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty
19 days after being served with these findings and recommendations, any party may file written
20 objections with the court and serve a copy on all parties. Such a document should be captioned

---

[1] In Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998), the Ninth Circuit found that slippery floors could constitute a condition of deliberate indifference. Frost v. Agnos, 152 F.3d 1124, 1129 (9th Cir. 1998). In Frost, a handicapped inmate alleged that the failure of jail officials to take reasonable measure to guarantee his safety violated the Eighth Amendment. The Ninth Circuit found that the plaintiff's repeated injuries caused by slipping in a cell that did not have a shower accessible for handicapped inmates violated the Eighth Amendment. The instant case is distinguishable from Frost because plaintiff is not handicapped and nor did he suffer repeated injuries. The facts of this case are more akin to those in Osolinski and the cases cited therein.

1  "Objections to Magistrate Judge's Findings and Recommendations."  Any reply to the objections
2  shall be served and filed within ten days after service of the objections.  The parties are advised
3  that failure to file objections within the specified time may waive the right to appeal the District
4  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

5  DATED: 4/20/06

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

8  ggh:kj
gil337.mtd